Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
Farrah Grant (SBN 293898)
  farrah@setarehlaw.com
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
LAKEYSHA KAUFMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEYSHA KAUFMAN, on behalf of herself, all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>MARSH AND MCLENNAN COMPANIES, INC., a New York Corporation; MARSH USA, INC., A New York Corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No. 3:20-cv-01213<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   September 24, 2020<br>Hearing Time:   9 a.m.<br>Location:          Courtroom 4, 5th floor<br>Judge:              Honorable Edward Davila |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on September 24, 2020 at 9 a.m., or as soon thereafter as may be heard on the 5th floor in Courtroom 4 of the United States District Court for the Northern District of California, Plaintiff LAKEYSHA KAUFMAN ("Plaintiff") will and hereby does move this Court for an order remanding this case to the Superior Court for the State of California, County of Santa Clara.

This Motion is made on the grounds that this Court lacks subject matter jurisdiction over this Action (the Court's subject matter jurisdiction is limited to the four corners of the removal). Defendant removes this action on the grounds of federal question jurisdiction. Defendant's assertion that there is federal question jurisdiction under 28 U.S.C. § 1331 must fail as there is no Article III standing for Plaintiff's background check claims and therefore the claims should be remanded.

This Motion is based on this Notice of Motion and Motion, Memorandum in Support thereof, the Reply Brief (if any), all papers and pleadings on file with the Court in this action, and on any and all further oral and documentary evidence as the Court may consider in connection with the hearing on this Motion.

                                                Respectfully submitted,
                                                SETAREH LAW GROUP

Dated: July 14, 2020              BY /s/ *Thomas Segal*
                                                SHAUN SETAREH
                                                THOMAS SEGAL
                                                FARRAH GRANT
                                                Attorneys for Plaintiff
                                                LAKEYSHA KAUFMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This Court should remand the action to state court because there is no basis for subject matter jurisdiction. This action is brought in part under the Fair Credit Reporting Act ("FCRA"), a statute which allows for statutory damages for a willful violation in the absence of actual damages. Plaintiff asserts that Defendants willfully violated the statute in derogation of her rights but does not assert that she incurred any economic or otherwise concrete injury as required for Article III standing and federal court jurisdiction. Therefore, this action should be remanded to the Superior Court of the State of California, County of Santa Clara to be resolved on the merits. Multiple district courts have remanded similar FCRA cases including at least two recent decisions from the Northern District.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 17, 2020, 2020, Plaintiff Lakeysha Kaufman ("Plaintiff") filed a putative class action complaint ("Complaint") against Defendants in the Superior Court for the State of California, County of Santa Clara, Case No. 20CV361891. The complaint alleged one cause of action (1) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act ("FCRA")). The complaint was served on Defendants on January 22, 2020.

Thereafter, on February 18, 2020, Defendants removed the action to federal court pursuant 28 U.S.C. § 1331. *See* ECF No. 1, Notice of Removal ¶7-8. Pursuant to this Court's ADR Local Rules, the Parties then met and conferred regarding alternative dispute resolution options and agreed to explore resolving this case through private mediation. On May 11, 2020, the Parties jointly stipulated that all proceedings in this action were to be stayed pending the Parties' attempt to resolve the case through private mediation. *See* ECF No. 16. On May 12, 2020, the Honorable Edward J. Davila granted the Parties' joint stipulation and continued the Parties' Case Management Conference ("CMC") to August 6, 2020. *See* ECF No. 17. Pursuant Honorable Edward J. Davila's Order, the Parties were to file a joint CMC statement by July 27, 2020. In accordance with this Order, the Parties coordinated with David A. Rotman – Mediated Negotiations to set a date for the anticipated mediation. The date July 27, 2020 was held open for the Parties pending confirmation.

Despite repeated efforts by Plaintiff's Counsel to confirm mediation on this date, Defendants' Counsel stalled, refused to confirm the date, and called off all efforts to mediate the case on June 24, 2020.

**III. DISCUSSION**

**A. DEFENDANT HAS FAILED TO ESTABLISH THAT THERE IS ARTICLE III STANDING IN FEDERAL COURT FOR THIS CASE**

The burden of establishing federal jurisdiction is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004). Article III of the Constitution limits the subject matter jurisdiction of federal courts to "Cases" or "Controversies.*" Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "To state a case or controversy the plaintiff must show standing. *Arizona Christian School Tuition Org v. Winn*, 131 S.Ct. 1436, 1442 (2011). Standing consists of three elements. *Id.* "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. "The injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000) (emphasis added).

In *Spokeo,* the Supreme Court addressed this issue directly:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. *See Summers,* 555 U.S., at 496, 129 S. Ct. 1142 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); see also *Lujan, supra*, at 572, 112 S. Ct. 2130. Spokeo, 136 S. Ct. at 1549.

Applying the principles above, the Supreme Court concluded that a plaintiff cannot satisfy Article III "by alleging a bare procedural violation" of the FCRA because the procedural violation

may result in no harm. *Id.* at 1550. "For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm." *Id.*

### B. THE MATTER SHOULD BE REMANDED BECAUSE THERE IS NO SUBJECT MATTER JURISDICTION OVER THE CLAIMS IN THE COMPLAINT

In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Polo v. Innoventions International, LLC,* 833 F.3d 1193 (9th Cir. 2016).

Defendants' assertion of federal question jurisdiction under 28 U.S.C. § 1331 fails because while the complaint contains claims under the federal Fair Credit Reporting Act, there is no subject matter jurisdiction over those claims because Article III standing is lacking.

Two recent decisions from this district have remanded similar standalone disclosure cases where the complaint did not allege a concrete injury as a result of the legally non-compliant disclosure form. In *Kirkland v. Estes Forwarding Worldwide LLC*, Case No. 18-cv-07324-LB*,* and *Jennifer Rivera v. Wells Fargo Bank, N.A.*, Case No. 17-cv-06885-JD to state court for lack of Article III standing. Another district court in this district reached the same conclusion in *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507 (N.D. Cal. 2018). In *Williams,* the plaintiff asserted violations of the Fair Credit Reporting Act and its California counterpart the Investigative Consumer Reporting Agencies Act due to failure to provide a stand-alone disclosure form, instead providing a form which included extraneous information. *Id.* at \*2. Similarly, the Complaint in this case alleges:

> Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized in writing, the procurement of the report. (citation) The inclusion of ……..other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA. Class Action Complaint ¶ 52.

4

In *Williams* Judge Davila concluded that federal subject matter jurisdiction was lacking due to a lack of concrete harm and therefore lack of Article III standing. Here, Plaintiff does not assert any economic or other concrete injury. Where federal jurisdiction is lacking due to lack of Article III standing, the proper course is remand to state court as multiple courts have found in remanding FCRA cases. For example in *Lee v. Hertz Corporation*, 2016 WL 7034060 *6 (N.D. Cal. 2016) the district court granted a motion to dismiss but remanded the action to state court. Similarly, in *Larroque v. First Advantage LNS Screening Sols, Inc.,* 2016 WL 4577257*7-8 (N.D. Cal. 2016) the district court remanded the action to state court. *see also Accord Terrell v. Costco Wholesale Corp*., 2017 WL 2169805 *2 (N.D. Cal. 2017); *Bercut v. Michaels Stores, Inc.,* 2017 WL 2807515 *5 (N.D. Cal. 2017); *Edelstein v. Westlake Wellbeing Properties, LLC*, 2017 WL 54955153*3 (C.D. Cal. 2017) ("Since the California Constitution does not contain a 'case or controversy' requirement like the one in the Federal Constitution, Plaintiffs may fare better in state court.")

### C.  STATE LAW CLAIMS MUST BE REMANDED

When federal claims are dismissed for lack of constitutional standing, the Court cannot retain supplemental jurisdiction over similar state law claims. *Scott v. Pasadena Unified School Dist.* 306 F3d 646, 664 (9th Cir. 2002); *Arena v. Graybar Elec. Co., Inc.* (5th Cir. 2012) 669 F3d 214, 225. Here, since federal jurisdiction is lacking due to lack of Article III standing, the Court has no discretion to retain supplemental jurisdiction over Plaintiff's state law claims.

### D.  CONCLUSION

For the reasons set forth above this Court should grant Plaintiff's Motion to Remand this case to state court.

Respectfully submitted,

SETAREH LAW GROUP

Dated: July 14, 2020

BY /s/ *Thomas Segal*
SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
LAKEYSHA KAUFMAN