UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKEYSHA KAUFMAN,<br><br>Plaintiff,<br><br>v.<br><br>MARSH AND MCLENNAN COMPANIES, INC., et al.,<br><br>Defendants. | Case No. 5:20-cv-01213-EJD<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 20, 26 |

Plaintiff Lakeysha Kaufman ("Plaintiff") filed the present motion for an order remanding this case to the Superior Court for the State of California, County of Santa Clara, arguing that there is no subject matter jurisdiction because Plaintiff alleges no actual injury and, therefore, lacks Article III standing. Plaintiff's Motion to Remand, Dkt. No. 20 ("Plaintiff's Mot."). Defendants Marsh & McLennan Companies, Inc. and Marsh USA Inc. (collectively, "Defendants") then filed a motion for judgment on the pleadings, concurring that Plaintiff lacks Article III standing but arguing that dismissal, rather than remand, is the proper remedy. Defendants' Motion for Judgment on the Pleadings, Dkt. No. 26 ("Defendants' Mot."). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion for Judgment on the Pleadings.

**I.   Background**

Plaintiff filed a putative class action complaint against Defendants in the Superior Court for the State of California, County of Santa Clara on January 17, 2020. Ex. A., Dkt. No. 1-3

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

1

("Compl."). The complaint alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A), ("FCRA"). *Id.* at 6. On January 22, 2020, Defendants were properly served. Ex. C, Dkt. No. 1-5. On February 18, 2020, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331. *See* Defendants' Notice of Removal, Dkt. No. 1. The Court granted the Parties' joint stipulation to stay proceedings in this action pending their attempt to resolve the case through private mediation. *See* Order Granting Stipulation to Stay Proceedings Pending Private Mediation, Dkt. No. 17. The Parties ultimately elected not to mediate, and the stay was lifted.

Plaintiff brings the present motion to remand the case to state court on the grounds that she does not allege any concrete injury, economic or otherwise, as required for Article III standing in the federal courts. Plaintiff's Mot. at 5. In combination with their opposition, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff's failure to allege injury is fatal to her case in state court as well, rendering remand futile. *See* Defendants' Motion for Judgement on the Pleadings, Dkt. No. 26-1, 3 ("Defendants' Mot."). Defendants argue that because remand would be futile, this Court should instead dismiss the case entirely. *Id.*

## II.   Legal Standard

Article III of the United States Constitution limits federal courts' subject-matter jurisdiction to actual "cases" and "controversies." U.S. Const. art. III, § 2. To satisfy the case-or-controversy requirement, a plaintiff must have standing to bring a claim. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Article III standing requires that a plaintiff "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Removal of a civil action from state to federal court is appropriate only if the federal court has subject-matter jurisdiction over the matter. 28 U.S.C. § 1444(a). If a case is improperly

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

2

1    removed, "the federal court must remand the action because it has no subject-matter jurisdiction to

2    decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of*

3    *Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also* 28 U.S.C. § 1447(c) ("If at any time

4    before final judgment it appears that the district court lacks subject matter jurisdiction, the case

5    shall be remanded."). The burden to establish that jurisdiction rests upon the party asserting

6    jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "strong

7    presumption" against removal jurisdiction means that the court "resolves all ambiguity in favor of

8    remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III. Discussion

Plaintiff concedes that she lacks concrete injury and has no Article III standing. *See* Plaintiff's Mot. at 5. Plaintiff argues that, absent Article III standing, this Court lacks subject matter jurisdiction and the case must be remanded to state court. *Id*. at 4-5; *see* 28 U.S.C. § 1447(c). Defendants agree that Plaintiff lacks Article III standing but contend that Plaintiff's claim should be dismissed with prejudice because remand would be futile. Defendants' Mot. at 3. According to Defendants, the Court may dismiss Plaintiff's claim if it is "certain that a remand to state court would be futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

In cases where the plaintiff lacks Article III standing, the default is to remand rather than dismiss. *See, e.g.*, *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) ("only when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it."). In *Bell*, the Ninth Circuit recognized an exception to this rule in the futility doctrine. In that case, the plaintiff-appellants challenged the results of a local tax levy election in Idaho. The Ninth Circuit found that the plaintiff-appellants lacked Article III standing to challenge the election results, and also found that they had not met a state law requirement that they post a bond in order to challenge an election. The *Bell* court explained: "[t]he state election statute provided the only state cause of action for the plaintiffs. The state court would have simply dismissed the action on remand due to the fatal failure to comply with

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

3

the bond posting requirement. Because we are certain that a remand to state court would be futile, no comity concerns are involved." *Id.* at 1425.

It is unclear whether the *Bell* standard is good law. *See, e.g.*, *Polo*, 833 F.3d at 1197 (holding that district court should have remanded rather than dismissed case after finding that the plaintiff lacked standing, noting "the *Bell* rule has been questioned, and may no longer be good law."). "[M]any district courts within this circuit have joined the trend of abandoning the futility doctrine." *Morgan v. Bank of Am., N.A.*, No. 2:20-CV-00157-SAB, 2020 WL 3979660, at *2–3 (E.D. Wash. July 14, 2020), *reconsideration denied,* No. 2:20-CV-00157-SAB, 2020 WL 5026857 (E.D. Wash. Aug. 25, 2020) (explaining that "the only reason the Ninth Circuit did not overrule *Bell* in *Polo* was because the plaintiff in that case failed to raise that argument, and the Circuit was unwilling to explicitly overrule its precedent *sua sponte*) (citing *Polo*, 833 F.3d at 1198). In similar cases, courts have held that without subject matter jurisdiction they *must* remand to state court and may actually lack discretion to determine whether doing so is appropriate. *See, e.g.*, *Garcia v. Kahala Brands, LTD.*, No. CV 19-10062-GW-JEMX, 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) ("Given that Plaintiff lacks Article III standing, this case must be remanded to state court.") (citing *Polo*, 833 F.3d at 1196); *Mendoza v. Pac. Theatres Entm't Corp.*, No. CV1909175CJCJCX, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) (same); *Mendoza v. Aldi Inc.*, No. 219CV06870ODWJEMX, 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019) ("the literal words of [28 U.S.C.] § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action."); *Miranda v. Magic Mountain LLC*, No. CV 17-07483 SJO (SS), 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("Accordingly, the Court is without discretion in determining whether remand is appropriate and must remand the action.").

Even if *Bell* is still good law, this Court is far from certain that Plaintiff's claim is in fact futile. *Cf. Rodriguez v. U.S. Healthworks, Inc.*, 813 F. App'x 315, 316 (9th Cir. 2020) ("The [futility] doctrine applies . . . 'only when the eventual outcome . . . is so clear as to be foreordained have we held that a district court may dismiss it.'") (quoting *Polo*, 833 F.3d at 1198). Defendants

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
4

make several arguments about why Plaintiff's admitted lack of injury is fatal to her claim in state court as well as federal court. *See* Defendants' Mot. at 3-4; Defendants' Opp. at 6-17. These arguments are all premised on the fact that states have different standing requirements; some states incorporate Article III principles while others do not. Because some states require a plaintiff to show injury while other states do not, FCRA claims like Plaintiff's will succeed in certain states and fail in others. Defendants contend that Congress could not have intended for plaintiffs with no injury to have a valid FCRA claim in certain states but not others. Thus, Defendants argue that the FCRA should be interpreted to preclude no-injury claims like Plaintiff's.

The Court disagrees. The United States Supreme Court long ago approved of state courts adjudicating federal questions even where Article III standing is lacking:

> "The state judiciary here chose a different path, as was their right, and took no account of federal standing rules in letting the case go to final judgment in the Arizona courts. That result properly follows from the allocation of authority in the federal system. We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret that Constitution, or in this case, a federal statute."

*ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 2045, 104 L. Ed. 2d 696 (1989). Inherent in this recognition that state courts are not bound by Article III is the understanding that justiciability principles may be dispositive of a claim, and that the outcomes of certain claims may vary from federal court to state court and also between state courts. In *Alvarez v. TransitAmerica Servs., Inc.*, No. 5:18-CV-03106-EJD, 2019 WL 4644909, at *3 (N.D. Cal. Sept. 24, 2019), this Court remanded an FCRA standalone disclosure case to state court. In that case, this Court expressly stated that "[n]othing in this order . . . should be construed as precluding a Plaintiff from pursuing its claim in state court" and cited *Moore* for the proposition that "the lack of standing does not preclude a plaintiff from vindicating a federal right in state court." *Id.* (citing *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *2 (N.D. Cal. May 13,

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

5

2019)). Thus, the fact that Plaintiff's lack of injury bars her FCRA claim in federal court and in some state courts is not in itself enough to show that Congress intended a no-injury FCRA claim to be barred in all courts.

Defendants point to the "reverse-*Erie*" doctrine, which generally dictates that federal law applies to federal claims in state court. Defendants argue that under this doctrine, "[a] law that predictably alters the outcome of [federal] claims depending solely on whether they are brought in state or federal court within the same State is obviously inconsistent with th[e] federal interest in intrastate uniformity." Defendants' Mot. at 12 (citing *Felder v. Casey*, 487 U.S. 131, 153, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)). But this is not a scenario in which different court systems are interpreting the same statute differently; rather, Defendants take issue with the outcome determinative effects of legitimate state standing laws. "[S]tanding is viewed as an indicator of a court's subject matter jurisdiction, and not the viability of the claims themselves." *Miranda*, 2018 WL 571914, at *3. Thus, the reverse-Erie doctrine does not require a state court to apply federal standing law to every federal claim. Indeed, such a rule would contradict the Supreme Court's express holding that "state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law." *ASARCO*, 490 U.S. at 617.

Defendants next argue that allowing a no-injury plaintiff to bring an FCRA claim in state but not federal court circumvents the doctrine of federal question jurisdiction. Given that Congress granted federal courts original jurisdiction over all civil actions arising under federal laws, Defendants argue that Congress cannot have intended to authorize "federal claims that federal courts are constitutionally precluded from adjudicating." Defendants' Mot. at 14 (quoting Michael T. Morley, Spokeo: *The Quasi-Hohfeldian Plaintiff and the Nonfederal Federal Question*, 25 Geo. Mason L. Rev. 583, 599 (2018)). "While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system*." Miranda*, 2018 WL 571914, at *3. So

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

6

long as there is no disabling incompatibility or express intent by Congress to the contrary, "a state court may adjudicate a claim that could not have been brought in federal court due to lack of standing." *Id.* (citing *Polo*, 833 F.3d at 1196). In cases involving similar FCRA claims, "there is no such contrary provision or incompatibility afoot; indeed, Congress *authorized* individuals to sue under the FCRA in both state and federal court." *Pitre v. Wal-Mart Stores, Inc.*, No. SACV1701281DOCDFMX, 2019 WL 5294397, at *10 (C.D. Cal. Oct. 18, 2019) (citing 15 U.S.C. § 1681p (2019) ("An action to enforce any liability created under this title may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction")); *see Moore*, 2019 WL 2172706, at *2 ("Congress authorized citizens to vindicate their rights under the FCRA in either federal or state court.").

Defendants' remaining arguments fail for similar reasons. Defendants argue that allowing state courts to adjudicate FCRA claims that federal courts cannot hear undermines the Supreme Court's supremacy because it is possible that certain FCRA cases will be unreviewable by the Supreme Court. Defendants further argue that, at a minimum, allowing state courts to adjudicate such cases presents Constitutional questions under the Equal Protection and Due Process clauses. The possibility that allowing state courts to do so could lead to unreviewable decisions on federal questions or could lead to Constitutional violations is no more present in this case than it was in *ASARCO*. Nevertheless, the Supreme Court squarely held that state courts can decide federal questions whether there is Article III standing or not. *ASARCO*, 490 U.S. at 617. Thus, this Court does not find that the Supremacy clause or the Constitutional avoidance principle lend persuasive support to Defendants' theory that Plaintiff should not be permitted to bring her FCRA claim in state court.

While it is clear that Plaintiff lacks federal standing under Article III, the Court, cannot say with certainty that her lack of injury would be fatal to her FCRA claim in state court. Thus, it is not clearly futile to remand Plaintiff's FCRA claim.

//

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

7

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

Dated: December 7, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01213-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

8